

FILED

DEC 0 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK R. M. HOLMSTRAND,<br><br>    Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a foreign corporation, PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts Corporation, UNUMPROVIDENT CORPORATION, a Delaware Corporation (d/b/a/, *inter alia*, Paul Revere Life Insurance Company, Unum Life Insurance Company, a Maine Corporation, Provident Life and Accident Insurance Company, a Maine Corporation, and GENEX, a Pennsylvania Corporation), and ROBERT LEIMGRUBER, an Alaska Resident,<br><br>    Defendants. | Case No. A05-0066 CV (JKS)<br><br>O R D E R |

    Mark R. M. Holmstrand brings this action against New York Life Insurance Company, et al. (collectively referred to herein as "New York Life"), alleging that New York Life terminated in bad faith disability payments to which he was contractually entitled. Holmstrand contends that at this stage it is undisputed that the payments were incorrectly terminated and that the only remaining issue is whether termination was in willful bad faith or merely negligent. In the course of determining Holmstrand's right to benefits, New York Life apparently consulted a local physician, Dr. Loren Jensen. Holmstrand wishes to depose Jensen to determine the circumstances under which he was consulted by New York Life, in order to determine whether New York Life was acting in good faith. Jensen has refused to be deposed unless the deposition takes place outside of his normal

31

working hours and he is paid $1000 per hour for the time expended in the deposition. It is not clear whether Jensen wishes to also be compensated for time spent in preparing for the deposition.

Holmstrand has moved to set a reasonable fee for Dr. Jensen's time. Docket No. 24. New York Life opposes the motion arguing that $1000 per hour is reasonable for virtually any physician consenting to a deposition in Anchorage. Docket No. 26. (Decl. of Johnson-Artus). Holmstrand has replied. Docket No. 27. While it is not clear that he seeks "expert" testimony from Dr. Jensen, as opposed to pure factual testimony for which a total witness fee of $40 would be appropriate, he concedes that Dr. Jensen should not be limited to $40. *See* 28 U.S.C. § 1821 (setting a fee of $40 per day for ordinary fact witnesses). Holmstrand offers $475 per hour during the time Jensen is actually being deposed.

There is no algorithm or formula that will resolve this case as many lawyers and some appellate judges might wish. The Court cannot simply feed the facts into a computer and produce a proper fee to be paid a physician deposed in civil litigation. Relevant cases are collected in 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2034 (2d. ed. 1994 and 2005 pocket part). It is clear that there is a great deal of dispute. Part of the confusion arises because courts are not certain whether the fee allowed should duplicate the expert's customary fees, enhanced fees for the inconvenience of being deposed, or simply a lesser amount to avoid exploiting the expert by taking advantage of his or her expertise without compensation. Some courts employ a seven factor test that examines: (1) The witnesses area of expertise; (2) the extent to which the anticipated testimony requires education and experience; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party retaining the expert; (6) fees traditionally charged by the expert on related matters and; (7) any other relevant factors to fairly balance the interests of the parties. *See, e.g., Hose v. Chicago & N. W. Transp. Co.*, 154 F.R.D. 222, 224–227 (S.D. Iowa 1994). Fees awarded by courts utilizing these factors range significantly. The Court should be sensitive to the risk that an under-compensated expert will be exploited, but it must be equally sensitive to the fact that the majority of people do not have salaries equivalent to a typical physician, and in the context of litigation if such a person were required to pay substantial fees to

ORDER

depose experts, the income disparity could amount to a denial of much needed discovery. Federal Rule of Civil Procedure 26(b)(4) cautions that courts must set "reasonable fees" and avoid manifest injustice in so doing. Given the nature of the testimony identified in this case, the Court is of the view that a fee of $200 per day or eight hours of deposition is reasonable so long as the deposition is confined to non-business hours and the physician is permitted to stop the deposition process in order to provide emergency assistance to patients as needed. This amount is five times the statutory rate. Such a sum avoids both exploiting the doctor and the manifest injustice of making civil litigation too costly to vindicate rights. This would be particularly true where a case involves numerous "experts," each of whom is entitled to a reasonable fee.

In this case Holmstrand is prepared to pay $475 per hour in order to move this case along. Given the Court's conclusions, that sum will be set as a "reasonable fee" in this matter without prejudice to future orders of the Court.

**IT IS THEREFORE ORDERED**:

The motion at **Docket No. 24** is **GRANTED**. The Court concludes, in part based upon Holmstrand's concession, that $475 per hour is a reasonable sum for Holmstrand to pay Jensen as compensation for his deposition.

Dated at Anchorage, Alaska, this _2_ day of December 2005.

JAMES K. SINGLETON, JR.
United States District Judge

A05-0066--CV (JKS)   om 12/6/05
J. RUBIN
B. JAMIESON (LANE)
S. LEUNING

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0066.001.wpd   3