FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 4: 18

Jeffrey Rubin, AK Bar 8206061
e-mail: jrubin@frwlaw.us
Margaret Simonian, AK Bar 9901001
e-mail: msimonian@frwlaw.us
FRIEDMAN, RUBIN & WHITE
1227 W. 9th Avenue, Suite 201
Anchorage, Alaska 99501
Telephone: 907-258-0704
Facsimile: 907-278-6449

Richard Friedman, AK Bar 7911099
e-mail: rfriedman@frwlaw.us
FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, WA 98337
Telephone 360-782-4300
Facsimile: 360-782-4358

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK R.M. HOLMSTRAND,<br><br>        Plaintiff,<br><br>    vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a foreign corporation, PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts Corporation, UNUMPROVIDENT CORPORATION, a Delaware Corporation (d/b/a, *inter alia,* Paul Revere Life Insurance Company, Unum Life Insurance Company, a Maine Corporation, Provident Life and Accident Insurance Company, a Tennessee Corporation, and GENEX, a Pennsylvania Corporation), and ROBERT LEIMGRUBER, an Alaska Resident. | Case No. A05-0066 CV (JKS))<br><br>**MOTION FOR SANCTIONS FOR OBSTRUCTING 30(b)(6) DEPOSITIONS** |

*Motion for Sanctions for Obstructing
30(b)(6) Depositions*
Page 1 of 34

1

Case No. A05-0066 CV (JKS)

1
2   Mark R.M. Holmstrand asks this Court to sanction defendants New York Life, Paul
3   Revere and UnumProvident for failing to produce knowledgeable witnesses for noticed 30(b)(6)
4   depositions held in Worcester, Massachusetts on October 25, 2005.
5   Mr. Holmstrand requests the Court to order sanctions for the wasted time and
6   inconvenience caused by this tactic, to require the defendants to produce new knowledgeable
7   witnesses, and to require the defendants to bear the cost of travel, and attorney's fees for the time
8   involved in these repeat depositions to be held in counsel's office in Bremerton, Washington or
9   alternatively at counsel's Anchorage office.
10   This motion is brought pursuant to Fed. R. Civ. P. 37(b)(2) and supported by the attached
11   memorandum of law, affidavit of counsel and exhibits.
12   Because the memorandum discusses matters that are subject to protective order and
13   contains testimony that may be subject to protective order it is filed under seal.
14   Similarly, because certain exhibits are subject to protective order, or make reference to
15   protected materials they too are filed under seal.
16   DATED this 5th day of December 2005.
17
18   _____
    Jeffrey K. Rubin, AK Bar No. 8206061
19   Friedman, Rubin & White
    Attorneys for Mark Holmstrand
20
21
22
23
24
25
26
27
                                            2
28   *Motion for Sanctions for Obstructing*                    Case No. A05-0066 CV (JKS)
    *30(b)(6) Depositions*
    Page 2 of 39

Jeffrey Rubin, AK Bar 8206061
e-mail: jrubin@frwlaw.us
Margaret Simonian, AK Bar 9901001
e-mail: msimonian@frwlaw.us
FRIEDMAN, RUBIN & WHITE
1227 W. 9th Avenue, Suite 201
Anchorage, Alaska 99501
Telephone: 907-258-0704
Facsimile: 907-278-6449

Richard Friedman, AK Bar 7911099
e-mail: rfriedman@frwlaw.us
FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, WA 98337
Telephone 360-782-4300
Facsimile: 360-782-4358

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK R.M. HOLMSTRAND,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a foreign corporation, PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts Corporation, UNUMPROVIDENT CORPORATION, a Delaware Corporation (d/b/a, *inter alia*, Paul Revere Life Insurance Company, Unum Life Insurance Company, a Maine Corporation, Provident Life and Accident Insurance Company, a Tennessee Corporation, and GENEX, a Pennsylvania Corporation), and ROBERT LEIMGRUBER, an Ohio Resident. | Case No. A05-0066 CV (JKS))<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS FOR OBSTRUCTING 30(B)(6) DEPOSITIONS**<br><br>**CONFIDENTIAL**<br><br>**This envelope contains documents filed in this case by plaintiff and is not to be opened nor the contents thereof to displayed or revealed except by order of this court.** |

## INDEX TO EXHIBITS

| | | |
|---|---|---|
| 1. | 8/4/05 | Letter from Jeff Rubin to Brewster Jamieson. |
| 2. | 9/16/05 | Letter from Brewster Jamieson to Jeff Rubin. |
| 3. | 10/19/05 | Letter from Scott Hendricks Leuning to Jeff Rubin. |
| 4. | 7/25/05 | Plaintiff's First Requests for Production to UnumProvident. |
| 5. | 10/11/05 | Notice of Taking the 30(b)(6) deposition of UnumProvident and Paul Revere. |
| 6. | 10/24/05 | Letter from Brewster Jamieson to Jeff Rubin. |
| 7. | 10/25/05 | Letter from Jeff Rubin to Brewster Jamieson. |
| 8. | 1/18/02 | Memorandum Opinion and Order, *Brennan v. Paul Revere, et al.* |
| 9. | 4/3/02 | Order, *Brennan v. Paul Revere, et al.* |
| 10. | 12/17/01 | Order, *Russell v. Unum.* |
| 11. | 1/10/02 | Order, *Unum v. Sheldon, Russell.* |
| 12. | 10/31/01 | Order, *Stewart v. Paul Revere.* |
| 13. | 12/20/01 | Order, *Stewart v. Paul Revere.* |
| 14. | 10/25/05 | Excerpt from the Deposition of Maryann Simmons **FILED UNDER SEAL.** |
| 15. | 1/19/00 | Administrative Services Agreement **FILED UNDER SEAL** |
| 16. | 1/19/00 | Letter to Paul Revere Life Insurance Company **FILED UNDER SEAL** |
| 17. | 10/25/05 | Excerpt from the Deposition of Holly Crawford **FILED UNDER SEAL** |

1  Jeffrey K. Rubin (AK Bar No. 8206061)
   FRIEDMAN, RUBIN & WHITE
2  1227 West 9th Ave., Suite 201
3  Anchorage, AK 99501
   Phone: 907-258-0704
4  Fax: 907-278-6449
   e-mail: jrubin@frwlaw.us
5

6  Richard H. Friedman (AK Bar No. 7911099)
   Friedman, Rubin & White
7  1126 Highland Avenue
   Bremerton, WA 98337
8  Phone: 360-782-4300
   Fax: 360-782-4358
9  e-mail: rfriedman@frwlaw.us

10
                IN THE UNITED STATES DISTRIC COURT
11                  FOR THE DISTRICT OF ALASKA

12

13 | MARK R.M. HOLMSTRAND,

14 |     Plaintiff,
                                          Case No. A05-0066 CV (JKS)
15 |     vs.

16 |
   | NEW YORK LIFE INSURANCE              **AFFIDAVIT OF COUNSEL IN**
17 | COMPANY, a foreign corporation, PAUL  **SUPPORT OF PLAINTIFF'S**
   | REVERE LIFE INSURANCE COMPANY,        **MOTION FOR SANCTIONS FOR**
18 | a Massachusetts Corporation,          **OBSTRUCTING 30(b)(6)**
   | UNUMPROVIDENT CORPORATION, a          **DEPOSITIONS**
19 | Delaware Corporation (d/b/a, inter alia, Paul
20 | Revere Life Insurance Company, Unum
   | Life Insurance Company, a Maine
21 | Corporation, Provident Life and Accident
   | Insurance Company, a Tennessee
22 | Corporation, and GENEX, a Pennsylvania
23 | Corporation) and ROBERT
   | LEIMGRUBER, an Ohio Resident.
24

25
       Jeffrey K. Rubin, being first duly sworn, deposes and states as follows:
26
       1.    I am one of the attorneys for plaintiff Mark Holmstrand in the above-captioned
27
   matter. This affidavit is based upon my personal knowledge of the facts stated herein.
28

Affidavit of Counsel In Support of            1               A05-0066 CV (JKS)
Plaintiff's First Motion to Compel

2.   Exhibit 1 to plaintiff's motion is a true and correct copy of my August 4, 2005 letter to defense counsel concerning proposed depositions in this matter.

3.   Exhibit 2 is a letter I received from defense counsel in response to Exhibit 1.

4.   As indicated at footnote 4 to the memorandum, at the time the depositions were being set up the parties scheduled the deposition of defendant Robert Leimgruber. That deposition was scheduled for October 28, 2005. Because Mr. Leimgruber was reportedly living in Napoleon, Ohio, October 27, 2005 was scheduled as a travel day. On October 19, 2005 I received a letter from Mr. Leimgruber's counsel that he had not had contact with his client and that the deposition would need to be continued. This letter confirmed a prior conversation I had with Mr. Hendricks Leuning in the prior week. Exhibit 3. Upon receipt I informed counsel for the defendant insurers through e-mail and formal notice. Thus, nearly a week before the Worcester depositions commenced, there were four days available to do them had the witnesses been prepared.

5.   Prior to sending Exhibit 1 to counsel plaintiff had served defendants with production requests directed toward the relationship between the defendants. Excerpts from those discovery requests to Paul Revere, UnumProvident and New York Life are attached as Exhibit 4.

6.   On October 11, 2005, after the deposition dates had been settled on, plaintiff served deposition notices for the 30(b)(6) depositions. Copies of those notices are Exhibit 5 to the motion.

7.   Exhibit 6 is the letter I received from defense counsel on October 24, 2005 which provided the first notice that defendants would be tendering unprepared 30(b)(6) deponents. My response to defendants' counsel is Exhibit 7.

8.   Exhibits 8-13 are true and correct copies of court order in other cases sanctioning UnumProvident related entities for discovery misconduct.

9.   Exhibit 14 consists of excerpts from the deposition of New York Life 30(b)(6) designee Maryann Simmons. It is filed under seal because of the protective order in this case.

10. Exhibit 15 is the administrative services agreement between Paul Revere/UnumProvident and New York Life. It is filed under seal pursuant to the protective order in this case.

11. Exhibit 16 is an amendment to the administrative services agreement produced by defendants in this case. It is filed under seal pursuant to the protective order in this case.

12. Exhibit 17 consists of excerpts from the deposition of Paul Revere/UnumProvident 30(b)(6) designee Holly Crawford. It is filed under seal because of the protective order in this case.

13. Our office policy is to pay for refundable and changeable tickets because oftentimes changes in scheduling occur at the last minute. In this case we needed to change schedule and flights because of the continuation of Mr. Leimgruber's deposition. The actual ticket for the entire deposition trip at full coach rate was $2697.29 including flying to Toledo Ohio for Mr. Leimgruber's deposition and returning to Anchorage via Cleveland, Ohio. Plaintiff does not seek compensation for that full fare both because the Leimgruber deposition was continued for reasons beyond defendant insurers' control and because flying back to Alaska through Cleveland was a choice by counsel in order to have a brief family visit. In preparing this motion I asked my office to research what full coach fare is currently between Anchorage and Boston. I have been told that it is currently $1285.

14. Had the witnesses been properly prepared to testify I believe I could have completed the depositions either in the time allotted on October 25, 2005, or that week in the time available after Mr. Leimgruber's deposition was set over.

Further your affiant sayeth naught.

_____
Jeffrey K. Rubin

SWORN TO AND SIGNED before me this 5th day of December, 2005.

_____
Notary Public for Alaska
My commission expires: 2/15/07

Affidavit of Counsel In Support of                     3                     A05-0066 CV (JKS)
Plaintiff's First Motion to Compel