FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 15 PM 3: 18

1   Jeffrey K. Rubin (AK Bar No. 8206061)
    FRIEDMAN, RUBIN & WHITE
2   1227 West 9th Ave., Suite 201
3   Anchorage, AK 99501
    Phone: 907-258-0704
4   Fax: 907-278-6449
    e-mail: jrubin@frwlaw.us
5
6   Richard H. Friedman (AK Bar No. 7911099)
    Friedman, Rubin & White
7   1126 Highland Avenue
    Bremerton, WA 98337
8   Phone: 360-782-4300
    Fax: 360-782-4358
9   e-mail: rfriedman@frwlaw.us
10
11              IN THE UNITED STATES DISTRIC COURT
                  FOR THE DISTRICT OF ALASKA
12

13  MARK R.M. HOLMSTRAND,

14          Plaintiff,
                                        Case No. A05-0066 CV (JKS)
15          vs.

16
    NEW YORK LIFE INSURANCE          **ANSWER TO COUNTERCLAIMS**
17  COMPANY, a foreign corporation, PAUL
    REVERE LIFE INSURANCE COMPANY,
18  a Massachusetts Corporation,
    UNUMPROVIDENT CORPORATION, a
19  Delaware Corporation (d/b/a, inter alia, Paul
    Revere Life Insurance Company, Unum
20  Life Insurance Company, a Maine
21  Corporation, Provident Life and Accident
    Insurance Company, a Tennessee
22  Corporation, and GENEX, a Pennsylvania
    Corporation) and ROBERT
23  LEIMGRUBER, an Ohio Resident.

24

25
        COMES NOW plaintiff, Mark Holmstrand, by and through his attorneys and answers
26
    the counterclaims contained within defendants New York Life Insurance Company, Paul
27

28
    Affidavit of Counsel In Support of              1                    A05-0066 CV (JKS)
    Plaintiff's First Motion to Compel

Revere Life Insurance Company and UnumProvident Corporation's (hereafter referenced as defendants) Amended Answer And Counterclaim dated December 1, 2005 as follows:

1. Plaintiff admits the allegations of paragraph 1.

2. Plaintiff admits that Paul Revere Life Insurance Company is doing business in the State of Alaska. Except as so admitted plaintiff denies the remaining allegations of paragraph 2 of defendants' counterclaim.

3. Plaintiff admits that defendant UnumProvident Corporation is a Delaware general business corporation. Plaintiff denies that UnumProvident Corporation is not an insurer or an insurance holding company based on its legal and de facto control of entities such as Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company and Unum Life Insurance Company and the activities it engages in on such entities behalf. Plaintiff admits that Paul Revere Life Insurance Company is an indirect wholly owned subsidiary of UnumProvident. Plaintiff specifically denies that as an indirect subsidiary Paul Revere Life Insurance Company is not totally dominated and controlled by UnumProvident such as to make such entities a single enterprise, alter ego or joint venture in transacting the business of insurance.

4. Plaintiff admits the allegations of paragraph 4 of defendants' counterclaims.

5. Plaintiff admits the first sentence of paragraph 5 of defendants' counterclaims. With respect to the remainder of paragraph 5 the contract speaks for itself and to the extent that defendants attempt to characterize the contents thereof plaintiff denies that their characterization is either complete or accurate in all aspects.

6. Plaintiff admits that his employment at R&M was terminated. Plaintiff denies that such termination was proper. In further response plaintiff avers that for approximately 23 years he had been an employee of R&M with increasing positions of responsibility within the firm. Plaintiff further avers that at all relevant times herein prior to losing his position at R&M he was an owner of the firm. Plaintiff

further avers that beginning in or around 1995-96 he began to suffer from carpal tunnel syndrome and that he had a variety of other medical problems including but not limited to sleep apnea, depression and adult onset diabetes mellitus type II. Plaintiff further avers that any problems he had at work were a consequence of his medical problems of which R&M was aware and that in August 2000 he began to negotiate his leaving employment with R&M. On November 15, 2000 after those negotiations broke down R&M took steps to terminate his employment and ownership interest in the firm and an associated real estate partnership. Plaintiff denies the last sentence of paragraph 6

7. Plaintiff admits that he applied for benefits. Plaintiff denies that he put defendants on notice of claim only after his employment with R&M terminated but plaintiff admits that the process of submitting information in support of his claim extended past the time of his termination by R&M. Plaintiff denies that "he falsely claimed that he has suffered a loss of income from R&M that had resulted from sickness, primarily carpal tunnel syndrome, directly and apart from any other cause." Plaintiff denies the second sentence of paragraph 7 of defendants' counterclaims. To the extent that said sentence is predicated on defendants contention that plaintiff was required to have lost his job solely as a result of sickness or injury in order to obtain benefits under the policy of insurance plaintiff denies that said policy contains such terms or conditions and that defendants attempts to impose such conditions constitutes an additional act of bad faith. Plaintiff further avers that in applying for benefits he cooperated with defendants providing them information which they requested to the extent it was available and provided defendants with a full release which enabled defendants to inquire of his employer concerning what R&M believed were the causes for his termination. Plaintiff admits that among other information provided to defendants in support of his claim for benefits he provided them with medical records and statements from medical providers.

Plaintiff denies that said providers "based their medical opinions primarily on false, incomplete and misleading information provided by Holmstrand." Except as specifically admitted, plaintiff specifically denies all further allegations contained in paragraph 7 of defendants' counterclaims.

8. Plaintiff admits the allegations of paragraph 8. Plaintiff further avers in response that defendants statement his "application for benefits was rejected on or about September 4, 2001 based on the determination that while he had certain medical limitations, the occupational demands of his position with R& M were within his medical restrictions or limitations" constitutes a binding judicial admission that on or about September 4, 2001 defendants breached the contract of insurance with plaintiff by denying his application for benefits based on a condition not contained within the policy of insurance.

9. Plaintiff admits that in November 2001 he entered into a confidential settlement agreement with R&M among other entities and individuals. Said release speaks for itself and to the extent defendant/counterclaimants allegations contain characterizations concerning such release such allegations and characterizations are specifically denied. Plaintiff admits the last sentence of paragraph 9. In further response to said sentence plaintiff avers that in applying for benefits he cooperated with defendants providing them information which they requested to the extent it was available and provided defendants with one or more releases dated after November 2001 which enabled defendants to inquire of his employer concerning what R&M believed were the causes for his termination. Except as specifically admitted, plaintiff specifically denies all further allegations contained in paragraph 9 of defendants' counterclaim.

10. Plaintiff admits that a second letter was drafted in an effort to overturn the improper denial of benefits based on an attempt to meet the improper standard as referenced

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

in paragraph 8 of this answer.  Except as specifically admitted, plaintiff specifically denies all further allegations contained in paragraph 10 of defendants' counterclaim.

11. Plaintiff admits that in August 2002 defendants' reversed their prior claim denial and began paying the claim without reservation of rights.  Plaintiff further admits that defendants paid $178,230 before improperly terminating benefits again on or about September 10, 2004.  Because defendants claim file fails to contain any correspondence with plaintiff concerning the benefits paid in August 2002 plaintiff is unable to determine whether the total amount paid accurately reflects what was due and owing on the policy including interest as required by law.  Except as specifically admitted, plaintiff specifically denies all further allegations contained in paragraph 11 of defendants' counterclaim.

12. Plaintiff denies the allegations of paragraph 12 of defendants' counterclaim in their entirety.

13. Plaintiff denies the allegations of paragraph 13 of defendants' counterclaims in their entirety.

14. Plaintiff admits the allegations of paragraph 14 of defendants' counterclaims.  In further response plaintiff denies that discontinuance of benefits was proper or lawful and indeed contends that such discontinuance was improper under the contract and was done in bad faith as alleged in greater detail in plaintiff's complaint.

15. With respect to the first sentence of paragraph 15 of defendants' counterclaims, plaintiff admits that he filed his complaint on or about February 25, 2005.  The complaint speaks for itself and plaintiff specifically denies any allegations that the complaint contains any false allegations.  With respect to the second sentence of paragraph 15 of defendants' counterclaims plaintiff admits that on or about August 30, 2005 defendants made what they allege was a payment of benefits under his policy subject to a reservation of rights.  Plaintiff denies that defendants have the

1

2     unilateral ability to reinstate benefits after their insured files suit.  Except as

3     specifically admitted, plaintiff specifically denies all further allegations contained in

      the second sentence of paragraph 15 of defendants' counterclaims.  Plaintiff denies

4     the allegations in the third sentence of paragraph 15 of defendants' counterclaims.

5     Plaintiff denies the allegations of the fourth sentence of paragraph 15 of defendants'

6     counterclaims.    Plaintiff further avers that at the time defendants' tendered

7     payments on August 30, 2005 they had more than sufficient information to make

8     such payments without reservation of rights.  Plaintiff further avers that any further

9     investigation conducted by defendants either in defense of the ongoing lawsuit or

10    ostensibly as part of their claim process, was an investigation conducted not for the

11    purpose of fairly evaluating plaintiff's claim for benefits but rather for the purpose

12    of manufacturing bases both to defend the ongoing litigation and to deny the claim.

13    As such, the conduct of defendants in asserting a reservation of rights with respect

14    to past due claim payments and in conducting an investigation for the purpose of

15    manufacturing grounds to deny plaintiff's benefit claims constitute separate and

16    distinct acts of bad faith actionable under Alaska law.  With respect to the fifth

17    sentence of paragraph 15 of defendants' counterclaims Plaintiff admits that

18    defendants tendered $47,000.47 on August 30, 2005.  Plaintiff denies that such

19    amounts were paid under policy and avers that defendants have been informed that

20    such payments are not considered by plaintiff as payments under the policy, but

21    rather as mitigation of damages for defendants' breach of contract and prior bad

22    faith termination of benefits.    *See* attached Exhibit 1 (without enclosures).

23    Subsequently, defendants tendered three more checks to plaintiff in the amount of

24    $3900; one on September 27, 2005, one on October 27, 2005 and one on December

25    5, 2005.  Except as specifically admitted, plaintiff specifically denies all further

26    allegations contained in the fifth sentence of paragraph 15 of defendants'

27    counterclaims.

28

Affidavit of Counsel In Support of                6                A05-0066 CV (JKS)
Plaintiff's First Motion to Compel

16. In response to paragraph 16 of defendants' counterclaims plaintiff admits that defendants have used subpoenas and production requests.  Except as specifically admitted, plaintiff specifically denies all further allegations contained in paragraph 16 of defendants' counterclaims.

17. Plaintiff is without information to admit or deny the allegations of paragraph 17 of defendants' counterclaims with respect to what "counterclaimants have determined."  Plaintiff specifically denies defendants allegation that "Holmstrand is not now and never was entitled to receive any benefits under policy, and that he has obtained benefits under the policy without disclosing information which should have been revealed to determine any entitlement under the policies."

18. Paragraph 18 to defendants' counterclaims states legal conclusions all of which are denied.  To the extent said paragraph contains factual allegations such allegations are specifically denied.

## FIRST CLAIM FOR RELIEF

19. Plaintiff incorporates by reference his prior answers to paragraphs 1-18 of defendants' counterclaims as though full set forth herein.

20. Plaintiff denies the allegations of paragraph 20 of defendants' counterclaims.

21. Plaintiff denies the allegations of paragraph 21 of defendants' counterclaims. Plaintiff specifically denies that defendants have ever made any demand for repayment prior to filing the counterclaims to which he is responding.

22. Plaintiff denies the allegations of paragraph 22 of defendants' counterclaims.

## SECOND CLAIM FOR RELIEF

23. Plaintiff incorporates by reference his prior answers to paragraphs 1-22 of defendants' counterclaims as though full set forth herein.

24. Plaintiff admits he has been paid certain benefits under this policy.  Plaintiff specifically denies that "he was not and is not entitled" to such benefits.

25. Plaintiff denies the allegations of paragraph 25 of defendants' counterclaims.

26. Plaintiff denies the allegations of paragraph 26 of defendants' counterclaims.

### THIRD CLAIM FOR RELIEF

27. Plaintiff incorporates by reference his prior answers to paragraphs 1-26 of defendants' counterclaims as though full set forth herein.

28. Plaintiff admits he has been paid certain benefits under this policy. Plaintiff specifically denies that "he was not and is not entitled" to such benefits.

29. Plaintiff denies the allegations of paragraph 29 of defendants' counterclaims.

30.-32. Defendants' counterclaims as served on plaintiff contained no paragraphs 30, 31 or 32. To the extent said paragraphs exist in any pleading plaintiff denies the contents thereof.

33. Plaintiff denies the allegations of paragraph 33 of defendants' counterclaims.

### FOURTH CLAIM FOR RELIEF

34. Plaintiff incorporates by reference his prior answers to paragraphs 1-33 of defendants' counterclaims as though full set forth herein.

35. Plaintiff denies the allegations of paragraph 35 of defendants' counterclaims.

36. Plaintiff denies the allegations of paragraph 36 of defendants' counterclaims.

### AFFIRMATIVE DEFENSES

1. By their prior payment of benefits without reservation of rights after having had a full opportunity to investigate the claim defendants have waived any claim that prior payments made without reservation of rights were made improperly.

2. Defendants continued payment of benefits after learning of the alleged basis for termination based on the allegations of the counterclaim constitutes a knowing and voluntary waiver of said claims in whole or in part.

3. Defendants are estopped by their own prior conduct from asserting the claims made in their counterclaims.

4. Defendants are precluded by the mend the hold doctrine from changing the basis for their decisions to deny claims based on information developed in the context of litigation to defend their prior breach of contract.

5. Defendants may not rely upon information developed after litigation ensues to defend their conduct with respect to whether they terminated plaintiff's benefits in bad faith.

6. Defendants' counterclaims are barred in whole or in part by the doctrine of laches.

7. Defendants' counterclaims are barred in whole or in part by the statute of limitations.

8. Such further defenses and affirmative defenses as may be revealed through further discovery and analysis.

Wherefore, having answered defendants' counterclaims and having asserted affirmative defenses thereto plaintiff moves:

1. For an order awarding judgment on the claims he has asserted in his complaint against defendants in an amount to be determined at trial;

2. For an order dismissing defendants' counterclaims;

3. For an award of costs, attorneys fees and prejudgment interest as provided by law in pursuit of plaintiff's underlying claims and an additional award for those costs and fees incurred in defending the counterclaims asserted by defendants;

4. And for such further relief as may be awarded in law or equity.

DATED this 15 day of December, 2005.

**CERTIFICATE OF SERVICE**
I Hereby Certify That I
Have Served The
Foregoing Document(s)
And· __Exh 1__
Upon: _Scott Hendricks Leuning_,
_Brewster Jamieson_
Via Mail/Hand Delivery
This _15_ Day Of _Dec_ , 20_05_
_Arala Pittman_
Friedman, Rubin & White

Jeffrey K. Rubin AK Bar No. 8206061
Friedman, Rubin & White
Attorneys for Plaintiff Mark Holmstrand

Affidavit of Counsel In Support of
Plaintiff's First Motion to Compel

9

A05-0066 CV (JKS)

LAW OFFICES OF
## FRIEDMAN RUBIN & WHITE

**ALASKA OFFICE**

**1227 WEST NINTH AVENUE**
**Suite 200**
**Anchorage, AK 99501**
**(907) 258-0704**
**(907) 278-6449 (fax)**
**www.frwlaw.us**

**JEFFREY K. RUBIN**
*Admitted in Alaska*

**jrubin@frwlaw.us**

September 12, 2005

Brewster Jamieson
Lane Powell Spears Lubersky
301 West Northern Lights Blvd.
Suite 301
Anchorage, AK 99503-2648

      Re:    Holmstrand v. New York Life,

Dear Brewster:

      Enclosed please find a letter and copies of checks tendered by your client to Mr. Holmstrand. While we accept these funds of past due amounts and interest as defendants attempt to partially mitigate damages that they have caused Mr. Holmstrand through their breach of contract and bad faith termination of benefits, we reject the proposition that defendants may unilaterally reinstate the contract by such action. With respect to the payments made pursuant to Ms. Kirby's letter, or any future payments, we will credit such payments towards any future judgment.

               Sincerely,

               Jeffrey K. Rubin
               Friedman, Rubin & White
               Attorneys for Mark Holmstrand

Cc: Richard Friedman

Encl. As stated

EXHIBIT _____
PAGE ____ OF ____

OFFICES IN WASHINGTON AND ALASKA