RECEIVED AFTER 4:30 P.M.

DEC 2 0 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Defendants New York Life Insurance
Company, Paul Revere Life Insurance Company,
UnumProvident Corporation, and Genex

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK R.M. HOLMSTRAND,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. A05-0066 CV (JKS)<br><br>**MOTION FOR PROTECTIVE ORDER STAYING PLAINTIFF'S FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

Defendants New York Life Insurance Company, Paul Revere Life Insurance Company, UnumProvident Corporation, and Genex Services, Inc., by and through counsel, hereby move the Court pursuant to FRCP 26(b)(2) and 26(c) for a protective order staying plaintiff's First Motion to Compel Production of Documents from Defendants ("Motion to Compel") until the court has ruled on defendants' contemporaneously-filed Motion for Partial Summary Judgment re Bad Faith Claims ("Summary Judgment Motion").

### INTRODUCTION

Defendants' Summary Judgment Motion asks the court to dismiss the same bad faith claims on which plaintiff's Motion to Compel seeks discovery. The basis of the Summary Judgment Motion is that defendants could not have committed bad faith under Alaska's two-pronged standard, which requires *both* (a) objective unreasonableness and (2) subjective bad faith. *Hillman v. Nationwide Mut. Fire Ins. Co.,* 855 P.2d 1321, 1324 (Alaska 1993) (*Hillman II*), and see, Defendants' Motion for Partial Summary Judgment on Bad Faith Claims, at pp. 22-25. If the Court grants summary judgment to defendants and dismisses the bad faith claims, any discovery on those

35

claims will of course be unnecessary and the Motion to Compel will be moot. Moreover, the Motion to Compel will not help plaintiff respond to the Summary Judgment Motion because the documents sought to be compelled by plaintiff are not relevant to the objective "reasonable basis" prong for bad faith which is the subject of defendants' motion. *Id.* Further, because the motion to compel is very lengthy and complex (forty-nine pages with over 700 pages of attached exhibits), litigating the motion will take up a great amount of the parties and the Court's efforts and time. It would also be extremely burdensome and expensive for the defendants to produce the requested documents if the motion to compel is granted. Therefore, staying the Motion to Compel until the Summary Judgment Motion is decided would promote judicial economy and may avoid the expenditure of a great amount of unnecessary time, effort and attorney's fees by the parties.

Defendants wish to be clear, however, that they are not seeking a stay on anything other than the "second prong" discovery sought Motion to Compel. Defendants have not and are not seeking a stay on relevant discovery relating to the "first prong" issue discussed by Summary Judgment Motion: whether the decision to deny Mr. Holmstrand's claim in September 2005, had a reasonable basis. In fact, no further discovery on the "first prong" issue is necessary because defendants have already produced to plaintiff everything related to plaintiff's particular claim and, in particular, the September 2004 decision (which is at the heart of this suit) to deny it. There is nothing else in defendants' possession which would be relevant to plaintiff's response to the "first prong" issue addressed in the Summary Judgment. The only things remaining which the Motion to Compel concerns are extraneous matters, which, if discoverable, would at best be related to the "second prong" of subjective bad faith, the discovery of which could not create a genuine issue of material fact as to the "first prong" issue of whether the decision to deny Mr. Holmstrand's claim lacked a reasonable basis. Plaintiff thus already has all of the documents necessary to respond to the narrow issues presented in the Summary Judgment Motion.

## FACTS

Attached as Exhibit A hereto is plaintiff's First Request for Production to Defendant Paul Revere Life Insurance Company, which is representative of the requests for production also sent to New York Life and UnumProvident. The requests are divided into categories A, B, C and D. The Motion to Compel addresses three of the categories: Category A (titled "Documents Related to the

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))            Page 2 of 13

Handling of Plaintiff's Claim(s) Under Policy H2 709 050); Category B (titled "Documents Relating to the Establishment and Maintenance of the Relationship Between Defendant New York Life and Defendants UnumProvident Corporation and/or Paul Revere Life Insurance Company"); and Category C (titled "Document Related to the Training, Performance, Evaluation and Organizational Structure of the Individuals and Units Involved in the Investigation and Evaluation of Plaintiff's Disability Claim"). The Motion to Compel, at p. 16, summarizes these categories as follows:

> Category A requests focus on the claim handling directly related to Mr. Holmstrand's policy. Category B requests are directed toward the relationship between the different corporate defendants. Category C requests related to intra-corporate organization, training and performance and communications relating to the same shared among the defendants.

The Motion to Compel attached defendants' responses to the requests for production at Appendix A. On November 14, 2005, plaintiff's counsel, Jeffrey Rubin, wrote to defendant's counsel, Brewster Jamieson, concerning defendants' responses. Exhibit B. The November 14 letter listed in detail the requests to which plaintiff sought production, and also, on the first page, asked for additional documents such as the SIU file and the OMAR documents. Mr. Jamieson responded in an e-mail of November 23, 2005, the day before Thanksgiving. Exhibit C. The e-mail reports that defendants were working diligently to address the production items Mr. Rubin had identified in the November 14 letter, that addressing each item raised by Mr. Rubin was "taking quite a bit of time," and that some of defendants' decision makers could not be contacted because of the Holiday week. The e-mail also stated that a response was expected on December 9. Mr. Jamieson concluded: "I can tell you that we will be clarifying responses and producing additional documents in response to some items in your letter, but we will not be agreeing to give you everything you ask for, either. Thus, although I suppose a motion to compel on some of the items is inevitable, I would ask that you await our response so that we can narrow our differences." However, plaintiff did not wait to December 9 for defendants' response, but instead filed the Motion to Compel on December 5.

Even though plaintiff jumped the gun and filed the Motion to Compel before defendants could respond to the November 14, 2005, letter, the defendants have continued in good faith to address plaintiff's complaints regarding the responses to the requests for production. On December 16, 2005, Mr. Jamieson wrote a detailed, point-by-point response to Mr. Rubin's November 14 letter.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents**
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))                    Page 3 of 13

Exhibit D. The December 16 letter attached the SIU files and agreed to produce the OMAR documents requested by Mr. Rubin, and it also either clarified or agreed to supplement defendants' responses to the Category A requests for production.

Mr. Jamieson's December 14 letter and the supplemental discovery produced pursuant to that letter has thus addressed all of the Category A documents which could be responsive to the Summary Judgment Motion. Therefore, plaintiff now has virtually all of the responsive documents discoverable under Category A, and, more particularly, plaintiff has been provided everything in defendants' possession related to plaintiff's particular claim and the decision to deny benefits. The remaining "core" of the Motion to Compel concerns only the Category B and Category C documents which are not relevant to the "reasonable basis" prong addressed in the Summary Judgment Motion.

### ARGUMENT

**1.   Authority Under The Civil Rules.**

FRCP 26(b)(2)(iii) allows the court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(c) allows the to court to "make any order which justice requires to protect a party or person from annoyance ... or undue burden or expense." Because the Summary Judgment Motion may moot the Motion to Compel, staying the Motion to Compel until summary judgment is resolved would protect the parties as well as the court from the undue burden and expense of litigating the Motion to Compel should be court decide that the bad faith claims on which the Motion to Compel seeks discovery should be dismissed. The FRCP authorizes the Court to issue a protective order or otherwise stay the Motion to Compel in these circumstances. *See Tilley v. U.S.*, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.").

**2.   The Court Has The Discretion To Stay The Motion To Compel Pending The Summary Judgment Motion.**

This Court is vested with broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989); *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). This includes the discretion to stay discovery until a summary judgment motion is decided. *Little*, 863 F.2d at 685

**Motion for Protective Order Staying Plaintiff's**
**First Motion to Compel Production of Documents**
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))   Page 4 of 13

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

(district court's staying of discovery until issue of immunity was decided on summary judgment was not abuse of discretion). This discretion is widely recognized and applied in the federal courts.[1]

In particular, a District Court may use its discretion to control discovery by staying a motion to compel discovery pending summary judgment. *See Union Carbide Corp. v. State Bd. of Tax Com'rs of State of Ind.*, 161 F.R.D. 359, 366 (S.D.Ind. 1993):

> In some circumstances, the merits of the claims or defenses in a party's case in chief may affect a court's determination of a motion to compel. ***When a dispositive motion directed to issues affecting the determination of a motion to compel is pending, a court, in its discretion, may stay consideration of the discovery motion until the dispositive motion is decided***. (emphasis added)

Therefore, under federal law in general, and Ninth Circuit law in particular, this Court has the discretion to stay the Motion to Compel pending its resolution of the Summary Judgment Motion.

### 3. The Court Should Exercise Its Discretion And Stay The Motion To Compel.

Staying discovery is not an abuse of discretion where the stay does not result in any "actual and substantial prejudice" to the opposing party. *Hallett*, 296 F.3d at 751 (a District Court's decision to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant"); *Johnson v. Martinez*, 131 Fed.Appx. 546, 548 (9th Cir. 2005) ("The district court did not abuse its discretion in granting defendants' motion to stay discovery pending the outcome of its summary judgment motion, because Johnson did not demonstrate how his failure to obtain the discovery he sought resulted in

---

[1] *See Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir. 1988) ("we have held that a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion"); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558 (11th Cir. 1985) (acknowledging "the rule that a magistrate has broad discretion to stay discovery until the district court rules on a pending dispositive motion, such as that for summary judgment"); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (Court did not abuse its discretion when it ordered a stay of general discovery until court could determine whether case would be resolved at summary judgment stage); *Spira v. Ashwood Financial, Inc.*, 371 F. Supp.2d 232, 234 (E.D.N.Y. 2005) ("this Court, in its discretion, will stay all discovery other than those pertaining to the issues involved in the dispositive motions"); *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D.Cal. 2001) ("The court has broad discretion to stay discovery in a case while a dispositive motion is pending."); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion").

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))   Page 5 of 13

'actual and substantial prejudice.'" (quoting *Hallett*)). For the reasons discussed below, plaintiff will not be actually or substantially prejudiced if the Court exercised it discretion to stay the Motion to Compel.

### A. Granting The Summary Judgment Motion Would Moot The Motion To Compel.

Every one of the requests for production which are included in the Motion to Compel seeks discovery on plaintiff's bad faith claims, which is shown by the language of the Motion to Compel itself. Obvious examples are Section III.A. (titled Elements Of First Party Bad Faith Under Alaska Law), which discusses the "reasonable basis" standard of bad faith under Alaska law (p. 10), and Section III.C. (titled Scope of Discovery in Insurance Bad Faith Litigation), at p. 11-16, which discusses discovery in insurance bad faith litigation. Plaintiff also writes in Section III.C: "It is within this context as well as the claims presented and the substantive law of insurance *bad faith* that the Court must evaluate plaintiff's discovery requests and defendants' objections thereto." (p. 12); "Similarly, discovery into what motivates an insurer to engage in particular conduct, or to establish corporate policies which lead to the *bad faith denial of claims*, is proper." (p. 13). (emphasis added)

As shown by the following, regardless of how the requests are phrased, (the motion may use the term "bad faith" itself, refer to Section III.C for its discussion of discovery in bad faith litigation, or refer to the "reasonable basis" standard for bad faith claims[2]), the target of the motion relates the discovery sought to plaintiff's bad faith claims (all emphases are added):

- Section II.C. (Claims Asserted In This Litigation): "In addition to alleging *bad faith* against Revere and UnumProvident ...." (p. 9)

- Section IV.A. (Duration Management Documents): "Such documents are clearly relevant to defendants' knowledge and *reasonableness* of their conduct. Defendants' direction to their employees not to put such documents into the claim file *may be considered evidence of bad faith* ...." (pp. 21-22)

- Section IV.B (communications between defendants): "Plaintiff anticipates that at some point defendants will claim that they made the decision to pay benefits

---

[2] The standard for bad faith claims against insurers in Alaska requires a showing by the plaintiff that "the insurance company's refusal to honor a claim be made without a reasonable basis." *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1324 (Alaska 1993) (*Hillman II*).

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))   Page 6 of 13

in *good faith* as asserted in their payment letter. ... In order to assess whether this payment decision was made in *good faith* or as a tactical decision driving by Holmstrand bringing suit, the jury should have access to all documents relating to the decision." Alternatively, the court should preclude defendants from making any claim that the decision to pay benefits was made in *good faith*." (p. 23 n. 97)

- Section IV.C (information to and from reinsurers): "As discussed in Section III.C, *supra*, communications with reinsurers have been held to be discoverable ..... " Section III.C is titled "Scope of Discovery in Insurance Bad Faith Litigation." (p. 24)

- Section IV.D (reserve or individual valuation information): "Reserve information may be relevant to issues of basic liability for *bad faith* ...." (p. 26)

- Section IV.G (documents regarding NYL's sale of its disability and income business): "Such evidence is relevant to issues of *reasonableness* of claim handling behavior, defendants' knowledge or the *lack of reasonableness* and liability for punitive damages." (p. 28)

- Section IV.G.1 (RFP B.5): "Both sets of documents are relevant to establishing financial motivation, *unreasonableness of behavior* and liability for punitive damages." (p. 30)

- Section IV.G.3 (RFP B.6 to Revere and UnumProvident, and RFP B.7 to NYL): "The documents are relevant or may lead to the discovery of admissible evidence with respect to the *reasonableness* of New York Life's behavior." (p. 32)

- Section IV.G.5 (RFP B.8-12 to NYL): "For reasons previously expressed in §§ *III.C.-.D supra* and throughout this section such documents are relevant to the claims made in the complaint and the subject matter of the litigation. ... A jury could properly consider such evidence in determining both *liability for bad faith* and punitive damages." (p. 34)

- Section IV.G.6 (RFP B.13-16 to Revere/UnumProvident; RFP B.15-16 to New York Life): "Similarly, documents sought could well reflect New York Life's ratification of improper practices which would be relevant both to *bad faith* and the assessment of liability for punitive damages and the amount thereof." (p. 35)

- Section IV.H. (documents relating to other bad faith litigation): "In production requests B.10-12 to Revere and UnumProvident and B.13 and 14 to New York Life, plaintiff sought documents related to other litigation in which claims of *bad faith* and the like were asserted...." (p. 36); "No state permits the *bad faith denial of claims*." (p. 37); "By reviewing complaints and conducting

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))   Page 7 of 13

independent investigation plaintiff may be able to develop evidence of *other instances of bad faith conduct* that are substantially similar ...." (p. 37); "Such notice evidence is therefore relevant to establishing the *unreasonableness* of defendants' behavior and their knowledge of *unreasonableness*. *Such evidence is directly relevant to establishing basic liability for bad faith under Alaska law.*" (p. 38).

- Section IV.J (documents relating to the training, evaluation and performance of those involved in handling plaintiff's claim): "... are all relevant to or may lead to the discovery of admissible evidence with respect to both liability for *bad faith* and punitive damages." (p. 40)

- Section IV.J.1 (RFP C.3-C.5 to UnumProvident/Revere and New York Life): "...the type of information that is or may be in the reports sought is relevant or may lead to the discovery of admissible evidence for the reasons stated at the beginning of this section and in *§ III.C supra.*" (pp. 41-42)

- Section IV.J.3 (RFP C.11-12 to UnumProvident/Revere): "For reasons stated in *§ III.C supra* evaluative documents are relevant ...." (p. 44)

- Section IV.J.4 (RFP C.13, 17 and 18 to Revere, 13, 19 and 20 to UnumProvident): "Documents obtained through independent investigation and other cases suggest that these documents exist and may prove fruitful in both establishing *bad faith* and punitive damages liability." (p. 46); "With respect to defendants' relevance based objections *see § III.C supra.*" (p. 47).

The Motion to Compel would thus be rendered moot if the court grants the Summary Judgment Motion on the bad faith issue. It would make no sense to consider the Motion to Compel and order production of documents on the bad faith issue before the Court determines whether the bad faith issue will even survive in this case. Staying the motion to compel until the Summary Judgment Motion is decided would not be an abuse of discretion because it would promote judicial economy and may avoid the expenditure of a great amount of time, effort and attorney's fees by the parties. *See Little*, 863 F.2d at 685 (district court did not abuse discretion in staying discovery until resolution of summary judgment motion where "the stay furthers the goal of efficiency for the court and litigants").

**B. A Stay Might Relieve The Parties and Court Of The Burden Of Litigating This Lengthy and Complex Motion.**

The Motion to Compel and its accompanying memorandum of law are forty-nine pages long. It references attached exhibits totaling over 700 pages of material. It includes a ten page

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))     Page 8 of 13

discussion arguing that under the law plaintiff is entitled to the discovery and that defendants' claims of privilege are invalid, and a twenty-eight page, minutely detailed argument going over each request for production for which plaintiff seeks to compel documents from defendants. By defendants' count, the Motion to Compel seeks to compel production to ninety-two individual requests for production. The scope of many of those requests would cover an extensive amount of responsive documents. Therefore, it would be a very burdensome task for defendants to respond to the Motion to Compel, and, if that motion is granted, to compile and produce the requested documents. However, again, the Motion for Summary Judgment may moot the Motion to Compel. Therefore, as noted above, staying the motion to compel until the summary judgment motion is decided would not be an abuse of discretion because it would promote judicial economy and may avoid the expenditure of a great amount of time, effort and attorney's fees by the parties.

### C. The Motion To Compel Would Not Help Plaintiff Oppose The Motion For Summary Judgment.

As will be discussed below, the disputed discovery sought through the Motion to Compel is targeted solely at the second "bad faith conduct" prong of the bad faith claim as discussed in *Hillman II,* or at the punitive damages sought by Mr. Holmstrand and his lawyers. The items still in dispute do not concern the first "objective reasonableness" prong addressed by Defendants' Motion for Summary Judgment. Allowing discovery into (a) the financial arrangements between NYL and UnumProvident (before and after the block acquisition occurred), (b) the financial incentives that may or may not have existed to deny claims, or (c) the training or lack thereof of UnumProvident's claims adjusters, simply will not help answer the only question relevant to the Summary Judgment Motion: whether UnumProvident had a reasonable basis for denying Mr. Holmstrand's claim.

As discussed extensively in the Summary Judgment Motion, in *Hillman II* the Alaska Supreme Court addressed a two prong test for a bad faith claim in insurance cases: objective reasonableness and bad faith conduct. Bad faith conduct may include such subjective matters as improper intent or motive, or fraudulent or deceptive conduct by the insurer. *Hillman II,* 855 P.2d at 1324. The "reasonableness" or "reasonable basis" prong "necessarily requires that the insurance company's refusal to honor a claim be made without a reasonable basis." *Id.* The "reasonable basis"

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))   Page 9 of 13

standard is an objective standard.[3] Thus, evidence going to an insurer's bad or improper motives, conduct or intent in denying a claim is irrelevant to the "reasonable basis" prong analysis. *Id.* at 1325.

Defendants' Summary Judgment Motion is based on the "reasonable basis" prong; that motion argues that plaintiff's bad faith claims must be dismissed because, as a matter of law, defendants had a "reasonable basis" to deny plaintiff's benefits. *Hillman II* makes it clear that if the "reasonable basis" prong is not satisfied, a bad faith claim may not be maintained. Even if it is conclusively proven that an insurance company acted fraudulently or deceptively in regards to the claim, or had an improper motive or intent in denying the claim, the bad faith claim will fail if the insurer had a "reasonable basis" for its action. Therefore, a finding by the Court under the Summary Judgment Motion that defendants had a reasonable basis as a matter of law to deny benefits is all that is necessary to grant the motion and dismiss the bad faith claims.

In the Summary Judgment Motion, the discussion of the "reasonable basis" prong turns on the objective evidence of the policy itself, the claims file, the deposition of the principal claims handler and information in Mr. Holmstrand's possession which he willfully and wrongfully concealed from defendants. Any discoverable documents relating to the "reasonable basis" prong would have been in plaintiff's Category A requests for production, as plaintiff himself admits that the Category A requests focused "on the claim handling directly related to Mr. Holmstrand's policy." Motion to Compel, p. 16. By their discovery responses and supplemental responses, and Mr. Jamieson's December 14 letter, defendants have already produced to plaintiff every conceivable source of information in their possession under Category A that could possibly relate to the "reasonable basis" prong of the bad faith analysis, and so the plaintiff is already in possession of all of the facts necessary to respond to the issues raised in the Summary Judgment Motion.

The remaining "core" of the Motion to Compel concerns the Category B and Category C documents. By plaintiff's own description, Category B concerns the relationship

---

[3] *See Hillman II*, 855 P.2d at 1324; *Sharpe v. Trail*, 902 P.2d 304, 310 (Alaska 1995) (Rabinowitz and Compton, JJ, dissenting: "Only recently in [*Hillman II*] did we deviate from this course by holding that in order to recover for the tort of bad faith in first party insurance cases, the insured must prove objective bad faith on the part of the insurer.").

**Motion for Protective Order Staying Plaintiff's**
**First Motion to Compel Production of Documents**
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))   Page 10 of 13

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

between the defendants, and Category C concerns intra-corporate organization, training and performance and communications. *Id.* Thus, the documents sought in the Motion to Compel under Category B and Category C could only be directed to the "bad faith conduct" prong of the bad faith analysis; that is, defendants' alleged improper conduct and subjective intent and motives in denying benefits. As *Hillman II* established, such issues are not simply not relevant to the objective "reasonable basis" prong which is the subject of the Summary Judgment Motion. Stated differently, under Alaska law, this Court should assume (as did the court in *Hillman II*[4]), that defendants and their claims agents had every incentive to deny every claim, and had a subjective and improper reason for wanting to deny Mr. Holmstrand's claim in particular. As the Alaska Supreme Court stated: "In our view none of these facts suffice to raise a factual question as to whether Nationwide's denial of coverage lacked a reasonable basis." *Hillman II*, 855 P.2d at 1325. Any discoverable documents in Category B and Category C would thus be irrelevant to the Motion for Summary Judgment.

---

[4] The *Hillman* court described the alleged misconduct as follows:

> The Hillmans argue that they presented evidence showing that Nationwide denied coverage before making *any* investigation of the facts or the law and that Nationwide made subsequent, formal denials of coverage without having conducted significant investigation. They also argue that Nationwide's agents violated its guidelines and policies, which are intended to guarantee fair, honest and reasonable claims handling. Among others, this included violating the company policy requiring local adjustors to consult with higher echelons in the company before denying a death claim; failing to resolve all reasonable doubts about coverage in favor of the policy holder; withholding from the file any explanation for why the policy holder was required to sign a nonwaiver agreement; obtaining a legal opinion just to "paper the file" and for the main purpose of denying the claim; failing to provide a policy holder with a previously promised letter from Nationwide's attorney regarding coverage; lying to the policy holder about whether that letter was available; and "stonewalling" the claim for four years because of vindictiveness towards the Hillmans' attorneys. Finally, the Hillmans argue that even after Nationwide had given its personnel the authority to concede coverage and settle the underlying case for the $50,000 policy limits, its Regional Claims Attorney unilaterally decided not to do so.

855 P.2d at 1324.

These complaints mirror in essence plaintiff's complaints in the instant case; that is, that defendants denied coverage without sufficient investigation, and engaged in dishonest, unfair and unreasonable claims handling.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))   Page 11 of 13

Therefore, a stay would not be an abuse of discretion, and would not prejudice plaintiff, because the Motion to Compel would not help plaintiff create any genuine issues of material fact in opposition to the Summary Judgment Motion. Plaintiff will not be able to demonstrate that any of the documents sought in the Motion to Compel would be relevant in any way to the "reasonable basis" analysis which is the subject of the Summary Judgment Motion. *See Brazos Valley Coalition for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005) (District court did not abuse its discretion by granting defendant's motion to stay discovery pending resolution of cross-motions for summary judgment, absent showing that discovery was related to defendant's motion for summary judgment); *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) (district court did not abuse its discretion in deciding to stay discovery pending resolution of summary judgment motion where parties opposing summary judgment did not specify how additional information would have helped them oppose motion or even attempt to show why they could not present by affidavit facts essential to opposing motion); *Panola*, 762 F.2d at 1560 (it is not an abuse of discretion to stay discovery if it would not prevent the party opposing summary judgment from demonstrating factual disputes relevant to the motion for summary judgment); *Scroggins*, 534 F.2d at 1133 (5th Cir. 1976) (Court did not abuse its discretion when it ordered a stay of general discovery until summary judgment resolved, since plaintiff had not been denied discovery which related to summary judgment motion). *And see Sanderson v. Friedman*, 27 Fed.Appx. 818, 819-20 (9th Cir. 2001) (holding that the district court did not abuse its discretion in granting a stay of discovery pending the outcome of summary judgment motion because the opposing party "failed to show the existence of additional essential and discoverable evidence." (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991)).

        **D.**    <u>**A Stay Would Only Be Temporary And For A Short Time**</u>.

Finally, a stay would not be an abuse of discretion or prejudice the plaintiff because this motion does not seek a permanent stay of the Motion to Compel, only a stay for the time until the Summary Judgment Motion is decided. Should the Summary Judgment Motion be denied by the Court, the stay will be lifted and the parties can then litigate the merits of the Motion to Compel. Under the usual motion schedule, the Summary Judgment Motion would be ripe for decision in less than a month. That is a short time to wait considering that the Summary Judgment Motion could

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Motion for Protective Order Staying Plaintiff's**
**First Motion to Compel Production of Documents**
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))    Page 12 of 13

moot the Motion to Compel. *See Spencer Trask Software and Information Services, LLC v. Rpost International Limited*, 206 F.R.D. 367 (S.D.N.Y. 2002) (good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party).

## CONCLUSION

For the reasons stated above, the Court is respectfully requested to exercise its discretion and stay the Motion to Compel until after the Court rules on defendants' Summary Judgment Motion.

DATED this 20th day of December, 2005.

LANE POWELL LLC
Attorneys for Defendants New York Life Insurance Company, Paul Revere Life Insurance Company, UnumProvident Corporation, and Genex

By _____
Brewster H. Jamieson, ASBA No. 8411122

I certify that on December 20, 2005, a copy of the foregoing was served by ~~hand~~ Mail on:

Jeffrey K. Rubin, Esq.
Friedman, Rubin & White
1227 West Ninth Avenue, Second Floor
Anchorage, Alaska 99501-3218

Scott J. Hendricks Leuning, Esq.
Clapp Peterson Stowers
711 H Street, Suite 620
Anchorage, Alaska 99501-3442

_____
Nanci L. Biggerstaff, CPS, PLS
116008.0029/152411.1

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion for Protective Order Staying Plaintiff's
First Motion to Compel Production of Documents
*Holmstrand v. New York Life Insurance, et al.* (Case No. A05-0066 CV (JKS))    Page 13 of 13