FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -1 PM 3: 22

Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email:      jamiesonb@lanepowell.com
Attorneys for Defendants New York Life Insurance
Company, Paul Revere Life Insurance Company,
UnumProvident Corporation, and Genex Services, Inc

FILED

DEC 2 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

MARK R.M. HOLMSTRAND,

                              Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY, a
foreign corporation; PAUL REVERE LIFE
INSURANCE COMPANY, a Massachusetts
corporation; UNUMPROVIDENT
CORPORATION, a Delaware corporation (d/b/a,
*inter alia*, Paul Revere Life Insurance Company;
Unum Life Insurance Company, a Maine
corporation; Provident Life and Accident Insurance
Company, a Tennessee Corporation; and GENEX,
a Pennsylvania corporation); and ROBERT
LEIMGRUBER, an Alaska resident,

                              Defendants.

Case No. A 05-0066 CV (JKS)

**AMENDED ANSWER AND COUNTERCLAIM
BY DEFENDANTS NEW YORK LIFE
INSURANCE COMPANY, PAUL REVERE
LIFE INSURANCE COMPANY,
UNUMPROVIDENT CORPORATION,
AND GENEX SERVICES, INC.**

COME NOW defendants New York Life Insurance Company, Paul Revere Life Insurance

Company, UnumProvident Corporation, and Genex Services, Inc. ("answering defendants") and

answer plaintiff's complaint and counterclaim as follows:

## I. PARTIES AND JURISDICTION

Answering paragraph 1 of plaintiff's complaint, answering defendants admit the allegations.

39

## II.

Answering paragraph 2 of plaintiff's complaint, answering defendants state that New York Life Insurance Company ("NYLIC") is a New York mutual life insurance company licensed to and doing business in the State of Alaska. Answering defendants further admit that NYLIC sold plaintiff insurance policy number H2709050 issued May 7, 1984. The remainder of the allegations in paragraph 2 assert contentions of law to which no answer is required. To the extent a further response is required, the remaining allegations are denied.

## III.

Answering paragraph 3 of plaintiff's complaint, answering defendants state that Paul Revere Life Insurance Company ("PRLIC") is a Massachusetts corporation licensed to and doing business in the state of Alaska. The remainder of the allegations in paragraph 3 assert contentions of law to which no answer is required. To the extent a further response is required, the remaining allegations are denied.

## IV.

Answering paragraph 4 of plaintiff's complaint, answering defendants state that on November 16, 1999, NYLIC entered into a purchase and sale agreement with UnumProvident Corporation and The Paul Revere Life Insurance Company which agreement involved a coinsurance agreement and an administrative services agreement. The agreement is a legal document and the terms speak for themselves. Except as so admitted, all remaining allegations are denied.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

## V.

Answering paragraph 5 of plaintiff's complaint, answering defendants state that PRLIC is an indirect wholly owned subsidiary of defendant UnumProvident Corporation. Answering defendants admit that PRLIC has no employees. Except as so admitted, all remaining allegations are denied.

## VI.

Answering paragraph 6 of plaintiff's complaint, answering defendants state that UnumProvident Corporation ("UPC") is a Delaware general business corporation and non-insurance holding company. Answering defendants admit that on June 30, 1999, Unum Corporation merged with and into Provident Companies, Inc., which amended its charter to change its name to UPC. Defendants admit that PRLIC is an indirect wholly owned subsidiary of UPC. Except as so admitted, all remaining allegations are denied.

## VII.

Answering paragraph 7 of plaintiff's complaint, answering defendants deny the allegations.

## VIII.

Answering paragraph 8 of plaintiff's complaint, answering defendants state that Genex Services, Inc., is a Pennsylvania Corporation and wholly owned subsidiary of UPC. Except as so admitted, all remaining allegations are denied.

## IX.

Answering paragraph 9 of plaintiff's complaint, answering defendants deny the allegations.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

**X.**

Answering paragraph 10 of plaintiff's complaint, answering defendants deny all the allegations contained therein except for certain allegations contained in the paragraph's last sentence; that sentence contains contentions of law to which no answer is required. To the extent a response is required, the allegations are denied.

**XI.**

Answering paragraph 11 of plaintiff's complaint, answering defendants deny that Robert Leimgruber is a resident of Alaska. Answering defendants admit that Mr. Leimgruber performed surveillance of plaintiff during the pendency of plaintiff's claim with NYLIC. Except as so admitted, all remaining allegations are denied.

**XII.**

Answering paragraph 12 of plaintiff's complaint, answering defendants deny the allegations.

**XIII.**

Answering paragraph 13 of plaintiff's complaint, answering defendants admit that NYLIC sold plaintiff insurance policy number H2709050 issued May 7, 1984. That policy is a legal document the terms of which speak for themselves. Except as so admitted, all remaining allegations are denied.

**XIV.**

Answering paragraph 14 of plaintiff's complaint, answering defendants admit only that plaintiff reported on his application dated February 22, 1984, and that he was employed by R&M

Consultants of Anchorage, Alaska. The remaining allegations concerning plaintiff's specific job duties are at issue in this litigation and are, therefore, denied.

### XV.

Answering paragraph 15 of plaintiff's complaint, answering defendants admit that medical records provided by the plaintiff indicate that he has been diagnosed with carpal tunnel syndrome, diabetes, sleep apnea and depression. Except as so admitted, all remaining allegations are denied.

### XVI.

Answering paragraph 16 of plaintiff's complaint, answering defendants state that plaintiff notified NYLIC concerning his intent to file a claim. Except as so admitted, all remaining allegations are denied.

### XVII.

Answering paragraph 17 of plaintiff's complaint, answering defendants admits that plaintiff submitted a claim form for disability benefits under the policy on or about February 2001. Such forms are written documents that speak for themselves as to their content. Except as so admitted, all remaining allegations are denied.

### XVIII.

Answering paragraph 18 of plaintiff's complaint, answering defendants admit only that defendant NYLIC received documents from plaintiff and/or his medical providers and employer. Such documents speak for themselves and no response is required from answering defendants. To the extent a further response is required, all remaining allegations are denied.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511 Fax: 907.276.2631

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

## XIX.

Answering paragraph 19 of plaintiff's complaint, answering defendants deny the allegations.

## XX.

Answering paragraph 20 of plaintiff's complaint, answering defendants deny the allegations.

## XXI.

Answering paragraph 21 of plaintiff's complaint, answering defendants admit that plaintiff was offered the right to appeal by letter; the contents of that letter speaks for itself and no further response is required. Except as so admitted, all remaining allegations are denied.

## XXII.

Answering paragraph 22 of plaintiff's complaint, answering defendants admit that plaintiff submitted documents from his health care providers. Such documents speak for themselves and no response is required from answering defendants. To the extent a further response is required, all remaining allegations are denied.

## XXIII.

Answering paragraph 23 of plaintiff's complaint, answering defendants admit that plaintiff did not qualify for disability benefits for the reasons enumerated in a letter sent to him by Sarah Dobratz, dated November 14, 2001. Except as so admitted, all remaining allegations are denied.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

## XXIV.

Answering paragraph 24 of plaintiff's complaint, answering defendants admit that plaintiff submitted additional information regarding his claim for disability benefits by order, dated December 20, 2001. Such correspondence speaks for itself and no additional response is required. To the extent a further response is required, all remaining allegations are denied.

## XXV.

Answering paragraph 25 of plaintiff's complaint, answering defendants admit that PRLIC acknowledged receipt of plaintiff's December 20, 2001, correspondence by letter of January 17, 2002. Such correspondence speaks for itself and no further response is required. To the extent a further response is required, the allegations are denied.

## XXVI.

Answering paragraph 26 of plaintiff's complaint, answering defendants admit that a medical review occurred within the Glendale Customer Care Center on or about January 30, 2002 and that a physician review occurred thereafter. The reports of such medical consultants speak for themselves and no further response is required from answering defendants. To the extent a further response is required, the allegations are denied.

## XXVII.

Answering paragraph 27 of plaintiff's complaint, answering defendants admit that a medical review occurred within the Glendale Customer Care Center on or about February 25, 2002, and that review was provided to the Worcester, Massachusetts office. Except as so admitted, all remaining allegations are denied.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

### XXVIII.

Answering paragraph 28 of plaintiff's complaint, answering defendants admit that plaintiff submitted additional information by letter of April 18, 2002. Except as so admitted, all remaining allegations are denied.

### XXIX.

Answering paragraph 29 of plaintiff's complaint, answering defendants state that an appeal was conducted and performed by Tom Salce on or about August 13, 2002. The results of that appeal are contained in a written document that speaks for itself. As such, no further response is required. Except as so admitted, all remaining allegations are denied.

### XXX.

Answering paragraph 30 of plaintiff's complaint, answering defendants deny the allegations.

### XXXI.

Answering paragraph 31 of plaintiff's complaint, answering defendants deny the allegations.

### XXXII.

Answering paragraph 32 of plaintiff's complaint, answering defendants admit that surveillance of plaintiff was conducted. Except as so admitted, all remaining allegations are denied.

### XXXIII.

Answering paragraph 33 of plaintiff's complaint, answering defendants deny the allegations.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

## XXXIV.

Answering paragraph 34 of plaintiff's complaint, answering defendants admit that surveillance of plaintiff was conducted. Except as so admitted, all remaining allegations are denied.

## XXXV.

Answering paragraph 35 of plaintiff's complaint, answering defendants admit that plaintiff's claim was referred to the SIU unit. Except as so admitted, all remaining allegations are denied.

## XXXVI.

Answering paragraph 36 of plaintiff's complaint, answering defendants admit that plaintiff submitted a supplemental statement dated May 1, 2003, and a letter from Dr. Kathleen Case dated May 1, 2003. Such correspondence speaks for itself and no additional response is required from answering defendants. To the extent a further response is required, the allegations are denied.

## XXXVII.

Answering paragraph 37 of plaintiff's complaint, answering defendants admit that surveillance was conducted on the plaintiff between May 22, 2003, and May 24, 2003

## XXXVIII.

Answering paragraph 38 of plaintiff's complaint, answering defendants admit that plaintiff provided additional materials during the course of his appeal, which were subsequently reviewed. Except as so admitted, all remaining allegations are denied.

## XXXIX.

Answering paragraph 39 of plaintiff's complaint, answering defendants deny the allegations.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

## XL.

Answering paragraph 40 of plaintiff's complaint, answering defendants admit that an Independent Medical Examination was sought and an additional surveillance was performed. Except as so admitted, all remaining allegations are denied.

## XLI.

Answering paragraph 41 of plaintiff's complaint, answering defendants admit that on or about August 22, 2003, medical records from Thomas Lang, M.D. were requested and that on or about September 19, 2003, such records were received. Except as so admitted, all remaining allegations are denied.

## XLII.

Answering paragraph 42 of plaintiff's complaint, answering defendants admit that surveillance was conducted on plaintiff between September 10, 2003, and September 12, 2003, by Robert Leimgruber. Except as so admitted, all remaining allegations are denied.

## XLIII.

Answering paragraph 43 of plaintiff's complaint, answering defendants admit that additional medical records were obtained and reviewed. Except as so admitted, all remaining allegations are denied.

## XLIV.

Answering paragraph 44 of plaintiff's complaint, answering defendants admit that a clinical review was requested on or about March 27, 2004, and completed on or about April 13, 2004, by Andrea J. Brewster, R.N. The results of such review are contained in a report which speaks for itself

and no additional response is required from answering defendants.  To the extent a further response is required, the allegations are denied.

### XLV.

Answering paragraph 45 of plaintiff's complaint, answering defendants admit that an Independent Medical Examination is a tool used by insurers to help in the investigation and evaluation of disability claims.  Except as so admitted, all remaining allegations are denied.

### XLVI.

Answering paragraph 46 of plaintiff's complaint, answering defendants admit that Jennifer Clark, Independent Assessment Coordinator, wrote a letter on or about July 22, 2004, to Loren Jensen, M.D.  Such correspondence speaks for itself and no additional response is required from answering defendants.  To the extent a further response is required, the allegations are denied.

### XLVII.

Answering paragraph 47 of plaintiff's complaint, answering defendants admit that Loren Jensen, M.D., provided a written report dated August 9, 2004.  Such report speaks for itself and no additional response is required from answering defendants.  To the extent a further response is required, the allegations are denied.

### XLVIII.

Answering paragraph 48 of plaintiff's complaint, answering defendants admit that Nabil A. Malek, M.D., provided a written report dated August 24, 2004, which included his review of the report of Dr. Jensen.  That report speaks for itself and no further response is required from answering defendants.  To the extent a further response is required, the allegations are denied.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

### XLIX.

Answering paragraph 49 of plaintiff's complaint, answering defendants admit that by letter of September 10, 2004, plaintiff was informed that he did not qualify for further benefits. Such correspondence speaks for itself and no further response is required from answering defendants. To the extent a further response is required, the allegations are denied.

### L.

Answering paragraph 50 of plaintiff's complaint, answering defendants admit that by letter, dated December 29, 2004, plaintiff submitted additional information in consideration of his appeal. Except as so admitted, all remaining allegations are denied.

### LI.

Answering paragraph 51 of plaintiff's complaint, answering defendants deny the allegations.

### LII.

Answering paragraph 52 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 51 above as though fully set forth herein.

### LIII.

Answering paragraphs 53 and 54 of plaintiff's complaint, answering defendants deny the allegations.

### LIV.

Answering paragraph 55 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 55 above as though fully set forth herein.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

### LV.

Answering paragraphs 56, 57, and 58 of plaintiff's complaint, answering defendants deny the allegations.

### LVI.

Answering paragraph 59 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 58 above as though fully set forth herein.

### LVII.

Answering paragraphs 60, 61 and 62 of plaintiff's complaint, answering defendants deny the allegations.

### LVIII.

Answering paragraph 63 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 62 above as though fully set forth herein.

### LIX.

Answering paragraphs 64 and 65 of plaintiff's complaint, answering defendants deny the allegations.

### LX.

Answering paragraph 66 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 65 above as though fully set forth herein.

### LXI.

Answering paragraphs 67 and 68 of plaintiff's complaint, answering defendants deny the allegations.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

## LXII.

Answering paragraph 69 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 68 above as though fully set forth herein.

## LXIII.

Answering paragraph 70 of plaintiff's complaint, answering defendants deny the allegations.

## LXIV.

Answering paragraph 71 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 70 above as though fully set forth herein.

## LXV.

Answering paragraphs 72, 73, 74, 75, 76, 77, 78, 79, and 80 of plaintiff's complaint, answering defendants deny the allegations.

## LXVI.

Answering paragraph 81 of plaintiff's complaint, answering defendants incorporate by reference their response to paragraphs 1 through 80 above as though fully set forth herein.

## LXVII.

Answering paragraph 82 of plaintiff's complaint, answering defendants state that the paragraph contains a demand for damages to which no response is required.

## LXVIII.

Answering paragraph 83 of plaintiff's complaint, answering defendants request a trial by jury in this matter.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

### LXIX.

Except as expressly admitted herein, all remaining allegations contained in plaintiff's complaint are denied.

BY WAY OF AFFIRMATIVE DEFENSES, answering defendants allege as follows:

### I.

Plaintiff has failed to satisfy all conditions precedent to receive benefits under the policy thereby requiring dismissal of his claims.

### II.

Plaintiff has failed to provide information that plaintiff is qualified for benefits under the terms of the policy; therefore, plaintiff's complaint should be dismissed.

### III.

Plaintiff failed to provide defendants with information that he remained qualified for benefits under the terms of his policy; therefore, plaintiff's complaint should be dismissed.

### IV.

Plaintiff's demand for attorneys' fees should be denied. because answering defendants' defenses to this action are reasonable and made in good faith.

### V.

To the extent, and without admitting that plaintiff is entitled to recover benefits under the policy at issue, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future recovery from any disabling conditions (the

existence of which are denied.), as well as the effect of different policy requirements, exclusions or limitations.

## VI.

If plaintiff is entitled to payments of benefits, such payments must be offset and reduced by any payments or sums received by plaintiff to the extent that such benefits constitute "other income" as defined in the policy, including but not limited to workers' compensation benefits, Social Security disability benefits, and benefits received under individual disability policies that plaintiff may be receiving or may be eligible to receive.

## VII.

Plaintiff has failed to state a claim upon which relief may be granted.

## VIII.

Plaintiff's claim is barred due to plaintiff's comparative bad faith or failure to provide appropriate information.

## IX.

Plaintiff's claims are barred under the terms of his policy.

## X.

Plaintiff's claims are barred by one or more policy and/or plan exclusions.

## XI.

Defendant reserves the right to add additional affirmative defenses, or to strike affirmative defenses asserted herein, pending discovery.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511 Fax: 907.276.2631

## COUNTERCLAIMS

Counterclaimants New York Life Insurance Company, Paul Revere Life Insurance Company and UnumProvident Corporation hereby allege the following counterclaims against plaintiff Mark R.M. Holmstrand ("Holmstrand"):

1.    New York Life Insurance Company ("NYLIC") is a New York mutual life insurance company licensed to and doing business in the State of Alaska.

2.    Paul Revere Life Insurance Company ("PRLIC") is a Massachusetts corporation licensed to and doing business in the state of Alaska

3.    UnumProvident Corporation ("UPC") is a Delaware general business corporation and non-insurance holding company.  PRLIC is an indirect wholly owned subsidiary of UPC.

4.    At all times relevant to this proceeding, until his termination in August of 2000, Holmstrand was an employee of R & M Consultants, Inc ("R & M"), a surveying/engineering firm headquartered in Anchorage, Alaska.

5.    On or about May 7, 1984, NYLIC sold Holmstrand income insurance policy number H2709050 ("the policy").  Specifically the policy provided that benefits would be paid only for a loss of income that results from an accident or a sickness "directly and apart from any other cause." Among other things, the policy provides that benefits under the policy would be provided to Holmstrand if he experienced a covered income loss of at least 20% as the result of an accident or sickness. The policy further provides that after an initial waiting period, benefits would continue for each calendar month that Holmstrand continued to have a covered income loss during the benefit term of the policy

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

6.    On or about November, 2000, Holmstrand was involuntarily terminated for cause from his employment as a Vice President with R & M as a result of his continued, unacceptable behavior in the work place and mistreatment of his subordinates and co-workers.   Prior to his termination, Holmstrand had been employed by R & M in an executive, managerial, supervisory capacity and was an owner and officer of R & M as well as of the 9101 Partnership, an a Alaska general partnership which owned the building where R & M was located.   Almost immediately after his involuntary termination, Holmstrand retained legal counsel and threatened to sue R & M for wrongful termination.

7.    Subsequently, Holmstrand applied for benefits under the policy, falsely claiming that he had suffered a loss of income from R & M that had resulted from sickness, primarily carpal tunnel syndrome, directly and apart from any other cause.   At no point did Holmstrand notify counterclaimants that his termination from R & M had been for cause as a result of his continued, unacceptable behavior in the work place and mistreatment of his subordinates and co-workers.   In support of his application for benefits, Holmstrand procured and submitted to counterclaim plaintiffs a variety of records and statements from numerous medical providers.   The various medical providers based their medical opinions primarily on false, incomplete, and misleading information provided by Holmstrand.

8.    After reviewing information provided by Holmstrand, his application for benefits was rejected on or about September 4, 2001 based on the determination that while he had certain medical limitations, the occupational demands of his position with R & M were within his medical restrictions or limitations.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

9.   Shortly thereafter, in November of 2001, to settle all disputes which otherwise existed or could exist between R & M and Holmstrand, Holmstrand and R & M entered into a secret and confidential Settlement Agreement and Release.  An essential provision of this secret and confidential Settlement Agreement, insisted upon by Holmstrand, was a requirement that R & M execute a letter drafted by Holmstrand's attorney purporting to describe Holmstrand's job duties with R & M in a manner which would obscure the true facts concerning Mr. Holmstrand's termination and thereby facilitate Holmstrand's efforts to obtain benefits under the various insurance policies.  R & M was further required to "use reasonable efforts to cooperate with Holmstrand in filing and prosecuting any disability claims by Holmstrand against any insurance carrier potentially liable therefor."  Under this secret and confidential agreement, Holmstrand also received close to ONE MILLION DOLLARS to satisfy in part any claims which Holmstrand otherwise would have had for past or future income.  The confidential Settlement Agreement and Release, and its various provisions, were not disclosed to any of the counterclaim plaintiffs or their agents.

10.   In June of 2002, Holmstrand's attorneys drafted a second letter for R&M to send to counterclaimants.  The purpose of this letter also was to describe Holmstrand's duties at R & M in a manner which would obscure the true facts of Holmstrand's termination and lead counterclaimants to the incorrect assumption that he was terminated by R & M because a "sickness" prevented him from performing his responsibilities at R & M and that this had been the reason for his termination from employment with R & M.

11.   The intentionally misleading letters to counterclaimants had the desired effect, and, based on the information contained in the letters purportedly from R & M (which had in fact been

carefully crafted by Holmstrand's attorneys), Holmstrand was retroactively awarded maximum benefits under the income reduction policy. Holmstrand continued to receive maximum monthly benefits under the policy based upon false, incomplete, and misleading information that he continued to provide. As a result, Holmstrand improperly obtained some $178,230 under the policy.

12.    In 2004, counterclaim plaintiffs learned that Holmstrand was misstating his alleged sickness and the impact that such alleged sickness had on his income earning ability.

13.    Based on the information which had come to light at that point, counterclaimants determined that plaintiff was not entitled to benefits under the policy due to the disparity between his reported physical abilities and the actual ability level demonstrated by plaintiff.

14.    On or about September 10, 2004, Holmstrand was notified that benefits under the policy were discontinued.

15.    On or about February 25, 2005, Holmstrand filed the instant lawsuit, claiming falsely that he was entitled to benefits under his income reduction policy, *i.e.*, that he suffered an income loss due "directly and apart from any other cause" to his carpal tunnel syndrome. On or about August 30, 2005, and based upon his false assertions in this lawsuit and the continued uncertainty concerning the true nature of his physical abilities and limitations, benefits under the policy were re-instated under a reservation of rights. At the time the benefits were re-instated, counterclaimants still were unaware of the true facts of Mr. Holmstrand's loss of income. The reservation of rights was given because, at the time payments were made to Holmstrand, counterclaimants were continuing to gather information necessary to evaluate Holmstrand's claims. As a result of this action, Holmstrand received and

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511 Fax: 907.276.2631

additional $47,007.47 under the income policy and he continues to receive maximum monthly benefits under the policy.

16.    Through subpoenas and production requests which could only be issued as a result of this litigation, counterclaimants have obtained additional information previously concealed by Holmstrand, including but not limited to fact that he was terminated from employment for cause rather than due to any accident or sickness, the further fact that he has continuously and continues to indulge in the very types of activities which he has falsely informed both his medical providers and the counterclaimants that he could not perform, and that any loss which he may have suffered is not now and never has been the result of sickness or accident directly and apart from any other cause.

17.    Based on the information now available, counterclaimants have determined that Holmstrand is not now and never was entitled to receive any benefits under the policy, and that he has obtained benefits under the policies without disclosing information which should have been revealed to determine any entitlement under the policies.

18.    Pursuant to the reservation of rights, counterclaimants have the right to now (1) assert that Holmstrand was not entitled to any of the benefit payments he received, (2) assert that Holmstrand is not entitled to any other past benefit payments under the policy, (3) assert that Holmstrand will not be entitled to any future benefit payments under the policy, and that, as a result, counterclaimants are entitled to a refund of part or all of the benefit payments made to Holmstrand.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

19.    Counterclaimants incorporate by reference paragraphs 1 through 18 above as though fully set forth herein.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

20.    Counterclaimants have performed all conditions, covenants and promises required to be performed by them with regards to the policy with the exception of those conditions, covenants and promises which have been excused, waived or prevented from being performed by Holmstrand's conduct.

21.    Holmstrand has breached the income reduction policy, and the covenant of good faith and fair dealing implied in that contract, by applying for and obtaining benefits under that policy to which he was not entitled and by refusing to repay such benefits.

22.    As a direct and proximate result of Holmstrand's breach, counterclaimants have suffered and will continue to suffer damages in an amount in excess of $225,000, the exact amount of which will be proved at trial, plus prejudgment interest thereon.

## SECOND CLAIM FOR RELIEF
### (Constructive Trust)

23.    Counterclaimants incorporate by reference paragraphs 1 through 22 above as though fully set forth herein.

24.    Holmstrand has been paid benefits under the policy to which he was not and is not entitled.

25.    As the result, Holmstrand has been unjustly enriched in an amount exceeding $225,000, the exact amount to be proved at trial, plus prejudgment interest thereon.

26.    Holmstrand holds the amount of the benefits paid as constructive trustee for counterclaimants benefit.

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511 Fax: 907.276.2631

### THIRD CLAIM FOR RELIEF
**(Unjust Enrichment and Restitution)**

27.    Counterclaimants incorporate by reference paragraphs 1 through 26 above as though fully set forth herein.

28.    Holmstrand has been paid benefits under the policy to which he was not and is not entitled.

29.    As the result, Holmstrand has been unjustly enriched in an amount exceeding $225,000, the exact amount to be proved at trial, plus prejudgment interest thereon.

33.    Counterclaimants are entitled to restitution from Holmstrand of all amounts paid to him under the policy to which he was not entitled and which have unjustly enriched him, in an amount exceeding $225,000, the exact amount to be proved at trial, plus prejudgment interest thereon.

### FOURTH CLAIM FOR RELIEF
**(Account Stated)**

34.    Counterclaimants incorporate by reference paragraphs 1 through 33 above as though fully set forth herein.

35.    Holmstrand has become indebted to counterclaimants for money had and received by him for the use and benefit of counterclaimants in the amount of at least $225,000, the exact amount to be proved at trial, plus prejudgment interest thereon.

36.    Holmstrand has refused to pay the amount of the account stated or any part of the balance due, and the whole amount is due and payable to counterclaimants.

WHEREFORE counterclaimants are entitled to a judgment against plaintiff as follows:

1.    A declaration that Holmstrand was not entitled to any past benefit payments under the policy, including the benefit payments which had been made by Counterclaimants;

**Amended Answer and Counterclaim By Defendants New York Life Insurance Company,**
**Paul Revere Life Insurance Company, UnumProvident Corporation, and Genex Services, Inc.**
*Holmstrand v. New York Life Insurance Company, et al.*   (Case No. A 05-0066 CV (JKS))          **Page 23 of 24**

2.    A declaration that Holmstrand will not be entitled to any future benefit payments under the policy; and

3.    Directing Holmstrand to refund to the counterclaimants all of the benefit payments previously made to him under the policy plus interest thereon;

WHEREFORE, having answered plaintiff's complaint and having asserted affirmative defenses and counterclaims, answering defendants pray for judgment as follows:

1.    That plaintiff's complaint be dismissed, with prejudice;

2.    That defendants be awarded their costs, including reasonable attorneys' fees, incurred in the defense of this action;

3.    That defendants, as counterclaimants, be granted the relief sought in the counterclaims;

4.    That defendants, as counterclaimants, be awarded their costs, including reasonable attorneys' fees, incurred in the prosecution of the counterclaims; and

5.    For such further relief as this court deems equitable and just.

DATED this 1st day of December, 2005.

LANE POWELL PC
Attorneys for Defendants New York Life Insurance
Company, Paul Revere Life Insurance Company,
UnumProvident Corporation, and Genex Services, Inc.

By_____
Brewster H. Jamieson, ASBA No. 8411122
Peter C. Partnow, ASBA No. 7206029

I certify that on December 1, 2005, a copy
of the foregoing was served by hand on:

Jeffrey K. Rubin, Esq.
Scott J. Hendricks Leuning, Esq.

Nanci L. Biggerstaff, CPS, PLS
116008.0029/152114.1

LANE POWELL PC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631